**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, *ET AL.*, *Plaintiffs* | § | |
| vs. | § | Civil Action No. 1:26-CV-543 |
| KHIT CHIROPRACTIC AND, REHABILITATION, PLLC, *ET AL.*, *Defendants* | § | |

---

**PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO FILE SURREPLIES IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

---

Allstate[1] moves for leave to file two brief surreplies. The Khit Defendants' Reply [Dkt. 25] and the Oneto Defendants' Reply [Dkt. 24] raise new arguments, cite new authorities, and inject new extrinsic facts—all for the first time. Allstate attaches the proposed surreplies as Exhibits 1 and 2.

## I. LEGAL STANDARD

The Local Rules do not expressly authorize surreplies, but this Court retains discretion to permit them when a reply introduces new arguments, authorities, or evidence beyond what fairly responds to the opposition. *See Vais Arms, Inc. v. Vais*, 383 F.3d 287, 298 (5th Cir. 2004); *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, No. 3:01-CV-1397-BF, 2003 U.S. Dist. LEXIS 1569, at *59-60 (N.D. Tex. Feb. 3, 2003). Basic fairness demands it: the non-movant a chance to

[1] "Allstate" refers to Plaintiffs Allstate Insurance Company, Allstate Fire & Casualty Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company, and Allstate County Mutual Insurance Company.

respond to matters raised for the first time in reply.

## II. NEW MATTER WARRANTING SURREPLY

### a. Khit Defendants' Reply [Dkt. 25]

The Khit Defendants' Motion asserted four grounds for dismissal: (1) Rule 9(b) particularity; (2) state-law violations as RICO predicates; (3) failure to plead each defendant's participation; and (4) declining supplemental jurisdiction. [Dkt. 17 at 2-3]. It never invoked *Reves v. Ernst & Young*, 507 U.S. 170 (1993), or the "operation or management" test. Nor did it analyze the legislative history of Tex. Bus. Org. Code § 301.012(a-1)-(a-5) or offer any argument distinguishing chiropractor-physician entities under subsection (a) from physician-PA entities under (a-1).

The Reply raises both new theories. First, footnote 2 argues that § 301.012(a-1)-(a-5)—including the physician-control requirement in (a-4)—governs only physician-PA entities, exempting chiropractor-MD joint entities under (a). [Dkt. 25 at 8-9 & n.2]. Second, it introduces the *Reves* "operation or management" test through *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 727-28 (7th Cir. 1998), contending that "simply performing services for an enterprise, even with knowledge of the enterprise's illicit nature, is not enough" to reach the 20-plus individual defendants. [Dkt. 25 at 10]. Neither appeared in the Motion.

### b. The Oneto Defendants' Reply [Dkt. 24]

The Oneto Reply goes further:

First, it asserts for the first time—without support—that Insight represented "less than five percent of QI&I's interpretation volume" and that QI&I applied "the same professional standards and reporting practices" firm-wide. [Dkt. 24 ¶ 15]. Neither of those facts appears in the Complaint, its exhibits, the deposition excerpts [Dkt. 15-1 & 15-2], the Contract [Dkt. 15-3], or

the Facility Note [Dkt. 15-4].

Second, it cites Fardon et al., Lumbar Disc Nomenclature: Version 2.0, 14 Spine J. 2525 (2014), claiming radiology terminology is standardized and understandable to insurers. [Dkt. 24 at 5 & n.1]. The article is not in the record and cannot be judicially noticed for its truth.

Third, it advances a new causation theory: a detailed report actually helps insurers argue degeneration, undercutting the concealment theory. [Dkt. 24 ¶ 7].

Fourth, it invokes *Ranieri v. AdvoCare Int'l, L.P.*, 336 F.Supp.3d 701, 715, 718-19 (N.D. Tex. 2018), demanding a "strong inference" to bridge general awareness to specific intent—a standard not raised before. [Dkt. 24 ¶ 18].

Fifth, it cites *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir. 2022)—for the first time—to argue futility bars leave to amend. [Dkt. 24 at 11].

## III. THE COURT SHOULD GRANT LEAVE

The Court should not decide dispositive motions on arguments the moving parties sandbagged until reply. *See Vais Arms*, 383 F.3d at 292. The attached surreplies target only the new matter identified above, are brief, and stand ready for filing. Granting leave causes no delay.

## IV. CERTIFICATE OF CONFERENCE

The undersigned counsel conferred with counsel for the Khit Defendants and the Oneto Defendants regarding this Motion. On August 20, 2026, the undersigned emailed defense counsel advising of their intent to seek leave to file surreplies. Defense counsel responded the same day, indicating they oppose this Motion.

## V. PRAYER

Plaintiffs request that the Court grant this Motion for Leave and accept the attached

surreplies for filing.

Respectfully submitted,

**KNOX RICKSEN LLP**

*/s/ Laura Sherry*
Laura Sherry – Attorney in Charge
Texas State Bar No. 24056203
lrs@knoxricksen.com
Katherine Frank
Texas State Bar No. 24105630
kf@knoxricksen.com
Erin K. Holmes
Texas State Bar No. 24043732
ekh@knoxricksen.com
3626 North Hall Street (Two Oak Lawn)
Suite 610-K33
Dallas, Texas 75219
Tel.: (469) 887-1760
Fax: (469) 887-1765

***ATTORNEYS FOR PLAINTIFFS***

**CERTIFICATE OF SERVICE**

I certify that on August 21, 2026, I served a true and correct copy of Plaintiffs' Motion for Leave to File Surreplies on all counsel of record electronically via the Court's CM/ECF system and via email upon all parties.

/s/ *Laura Sherry*
Laura Sherry