**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, *ET AL.*, *Plaintiffs* | § | |
| vs. | § | Civil Action No. 1:26-CV-543 |
| KHIT CHIROPRACTIC AND, REHABILITATION, PLLC, *ET AL.*, *Defendants* | § | |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO**
**THE ONETO DEFENDANTS' MOTION TO DISMISS**

## I. INTRODUCTION

The Oneto Defendants'[1] Reply [Dkt. 24] exceeds the proper scope of a reply in five respects. It alleges facts absent from the pleadings and their exhibits, relies on a scholarly article not in the record, advances a new causation theory, applies a new specific-intent standard through *Ranieri v. AdvoCare Int'l, L.P.*, and asserts futility as a bar to amendment for the first time. The Court should disregard these matters—none of which appeared in the motion or Plaintiff's response—and each fails on the merits.

## II. STANDARD OF REVIEW

Neither the Federal Rules of Civil Procedure nor local rules permit surreplies as a matter of right. *Gezu v. Charter Communs.*, 17 F.4th 547, 555-56 (5th Cir. 2021). But when new arguments or evidence appear in a reply, "the district court must either give the other party an

[1] Susan Fan, M.D., Julieta Oneto, M.D., Miguel Oneto, M.D., and Miguel Oneto, M.D., P.A. d/b/a QI & Interventions.

opportunity to respond or decline to rely on the new arguments and evidence." *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024) (internal citations omitted). "Ordinarily, sur-replies are 'heavily disfavored,' and the decision to allow a sur-reply lies within the district court's discretion." *Id.* (quoting *Butler v. S. Porter*, 999 F.3d 287, 297 (5th Cir. 2021)). Courts recognize that "it is improper for the movant to sandbag and raise wholly new issues in a reply memorandum." *Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F.Supp.3d 562, 570 (W.D. Tex. 2019) (citing *Weems v. Hodnett*, 2011 U.S. Dist. LEXIS 75172, at *1 (W.D. La. July 13, 2011)).

That is what happened here.

## III. ARGUMENT

"Arguments raised for the first time in a reply brief are generally waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) (internal citations omitted). The Court should disregard the Oneto Defendants' new arguments and extrinsic evidence raised for the first time in their Reply. [Dkt. 24].

### A. The Reply's new extrinsic factual assertions should be disregarded.

At the Rule 12(b)(6) stage, the Court limits its review to the Complaint, documents attached to or incorporated by reference in the Complaint, and judicially noticeable matters. *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022). Anything else requires conversion to a motion for summary judgment. FED. R. CIV. P. 12(d). The Reply asserts—for the first time and without record support—that Insight represented "less than five percent of QI&I's interpretation volume" and that QI&I applied "the same professional standards and reporting practices . . . regardless of the referral source or payer." [Dkt. 24 ¶ 15]. That factual assertion appears nowhere: not in the Complaint, not in its appendices, not in the Motion's exhibits. [Dkt. 15-1,

15-2].[2] The Court cannot consider it on Rule 12(b)(6) review. If inclined to do so, Rule 12(d) requires conversion and discovery, which Allstate would request.

The Reply cites Fardon et al., Lumbar Disc Nomenclature: Version 2.0, 14 Spine J. 2525 (2014), for the proposition that radiology terminology is a "standardized nomenclature" understandable to insurers, patients, and attorneys. [Dkt. 24 ¶ 10 & n.1]. This article does not appear in the record and is not judicially noticeable for the truth of its assertions. Whether particular terminology is understood by non-radiologist adjusters and personal-injury attorneys is a contested factual issue not proper for a 12(b)(6) review. The Court should disregard this article.

The Reply's footnote speculating about litigation strategy based on deposition counsel is similarly improper. [Dkt. 24 ¶ 14 & n.2]. Rule 12(b)(6) review does not permit litigation-strategy characterizations, and the Court cannot consider the underlying depositions for the truth of their content at this stage.

**B. The Reply's new causation theory does not defeat plausibility.**

The Reply now argues that "the more specific degenerative changes are noted in a report, the better equipped the provider is to direct treatment," and that detailed reports therefore help insurers rather than harm them. [Dkt. 24 ¶ 7]. This theory misdescribes Allstate's allegations. Allstate does not allege the reports lacked detail; Allstate alleges the reports omitted the recognizable term "degenerative" and related common terms ("disc desiccation," "loss of disc height") that non-radiologist adjusters and defense attorneys use to identify age-related findings, substituting obscure technical jargon non-specialists do not recognize. [Dkt. 1 ¶¶ 125-127, 209, 295]. Whether that strategy worked is a fact question not appropriate on a 12(b)(6) motion. *Bell*

[2] Allstate timely objected (and maintains those objections) to the records attached to the Oneto Defendants' Motion to Dismiss in its Response at Section V(A). [Dkt. 21 at 12].

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

**C. *Ranieri* does not aid the Reply.**

*Ranieri v. AdvoCare Int'l, L.P.*, 336 F.Supp.3d 701 (N.D. Tex. 2018)—cited for the first time in reply—is inapposite. *Ranieri* applied the heightened Private Securities Litigation Reform Act pleading standard for federal securities fraud claims. *Ranieri*, 336 F.Supp.3d at 712-13. Allstate's Complaint includes no such claim.

Rule 9(b) permits intent to be "averred generally" when pleaded facts support the inference. FED. R. CIV. P. 9(b); *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). The Complaint does more. It alleges: Luis Khit told Dr. Miguel Oneto that all Insight studies were "liability cases" despite admitting that the reason studies were ordered should have no bearing on their interpretation [Dkt. 1 ¶ 125]; Dr. Oneto authored a facility note memorializing that disclosure and directing detailed descriptions of degenerative findings [Dkt. 1 ¶¶ 125-127]; the Oneto Defendants systematically replaced "degenerative" with obscure technical language across 1,225 claims over six years [Dkt. 1 ¶¶ 127, 209, 295; Dkt. 1-1 at 64-88]; and the Oneto Defendants resisted disclosure of the Insight-QI&I contract and the complete facility note [Dkt. 1 ¶ 210 n.32]. That is not "general awareness:" These specifics show a pattern of deliberate conduct.

**D. *Ariyan* does not bar amendment.**

The Reply invokes *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226 (5th Cir. 2022), to argue leave to amend would be futile. [Dkt. 24 ¶ 22]. *Ariyan* does not bar amendment; it holds only that futility can justify denial in specific cases. Rule 15(a)(2) commands that courts "should freely give[]" leave "when justice so requires." *See also Foman v. Davis*, 371 U.S. 178, 182 (1962). No denial grounds exist here: no prior amendment, no delay, no bad faith, no prejudice. Allstate can cure any alleged deficiency through additional

particulars, targeted scienter allegations, and further mapping to the claim-by-claim data in Appendix A [Dkt. 1-1].

## IV. CONCLUSION

The Court should deny the Oneto Defendants' Motion to Dismiss. Alternatively, Allstate respectfully requests leave to amend.

Respectfully submitted,

**KNOX RICKSEN LLP**

*/s/ Laura Sherry*
Laura Sherry – Attorney in Charge
Texas State Bar No. 24056203
lrs@knoxricksen.com
Katherine Frank
Texas State Bar No. 24105630
kf@knoxricksen.com
Erin K. Holmes
Texas State Bar No. 24043732
ekh@knoxricksen.com
3626 North Hall Street (Two Oak Lawn)
Suite 610-K33
Dallas, Texas 75219
Tel.: (469) 887-1760
Fax: (469) 887-1765

***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

I certify that on August 21, 2026, I served a true and correct copy of Plaintiffs' Surreply in Opposition to the Oneto Defendants' Motions to Dismiss on all counsel of record electronically via the Court's CM/ECF system and via email upon all parties.

/s/ *Laura Sherry*
Laura Sherry