**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, *ET AL.*, *Plaintiffs* | § | |
| vs. | § | Civil Action No. 1:26-CV-543 |
| KHIT CHIROPRACTIC AND, REHABILITATION, PLLC, *ET AL.*, *Defendants* | § | |

**ORDER GRANTING PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO FILE SURREPLIES IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

Before the Court is Plaintiffs' Motion for Leave to File Surreplies (the "Motion") in response to (i) the Khit Defendants' Reply in Support of their Motion to Dismiss, [Dkt. 25], and (ii) the Oneto Defendants' Reply in Support of their Motion to Dismiss. [Dkt. 24]. Having considered the Motion, the underlying Motions to Dismiss, [Dkt. 15 & 17], Plaintiffs' Responses, [Dkt. 19 & 21], the Replies, [Dkt. 24 & 25], and the record before it, the Court finds as follows:

## I. FINDINGS

1. Although the Local Rules do not expressly authorize surreplies, the Court has discretion to permit them where a reply raises new arguments, new authorities, or new evidence not fairly presented in the underlying motion. *See Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004).

2. The Khit Defendants' Reply [Dkt. 25] raises arguments and authorities not presented in their Motion to Dismiss, [Dkt. 17], including (a) that Plaintiffs' § 1962(c) claim fails under the "operation or management" test because certain Defendants merely

"perform[ed] services for the enterprise, [Dkt. 25 at 10 (citing *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721 (7th Cir. 1998)]; (b) that Plaintiffs' RICO claims fail for want of "but-for cause and proximate cause" under 18 U.S.C. § 1964(c), [Dkt. 25 at 4 (citing *Torres v. S.G.E. Mgmt., L.L.C.*, 838 F.3d 629 (5th Cir. 2016)]; and (c) that Texas Business Organizations Code § 301.012 forecloses Plaintiffs' unlicensed-practice-of-medicine allegations. [Dkt. 25 at 8-9 & n.2].

3. The Oneto Defendants' Reply, [Dkt. 24], introduces matters not presented in their Motion to Dismiss, [Dkt. 15], including (a) extrinsic factual assertions regarding QI&I's interpretation volume and firm-wide reporting practices; (b) reliance on a scholarly article outside the record; (c) a new causation theory regarding the effect of detailed radiology reports on insurer decision-making; (d) reliance on *Ranieri v. AdvoCare Int'l, L.P.*, 336 F.Supp.3d 701 (N.D. Tex. 2018), for a heightened specific-intent standard; and (e) an argument that leave to amend should be denied as futile under *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226 (5th Cir. 2022).

4. Basic fairness supports permitting Plaintiffs a limited opportunity to address the new matter identified above before the Court rules on the pending Motions to Dismiss.

5. The proposed surreplies are limited in scope and length and will not delay resolution of the Motions.

## II. ORDER

For the reasons stated above, it is hereby **ORDERED** that Plaintiffs' Motion for Leave to File Surreplies is **GRANTED**.

It is SO ORDERED this ____________ day of __________________, 2026.

______________________________
ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE