**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, *ET AL.*, *Plaintiffs* | § § § § | |
| vs. | § | Civil Action No. 1:26-CV-543 |
| KHIT CHIROPRACTIC AND, REHABILITATION, PLLC, *ET AL.*, *Defendants* | § § § § | |

---

**THE PARTIES' JOINT RULE 26(F) CONFERENCE REPORT**

---

TO THE HONORABLE JUDGE ALAN ALBRIGHT:

Plaintiffs Insurance Company, Allstate Fire & Casualty Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company, and Allstate County Mutual Insurance Company, (hereinafter referred to collectively as "Allstate") and Defendants Khit Chiropractic and Rehabilitation, PLLC, Khit & Associates, PLLC d/b/a Khit Chiropractic & Wellness Center, SKAK Investments, LLC d/b/a Insight Diagnostic and Imaging Center, LLC, Insight Imaging Center, LLC, Kay Medical Center, PLLC, Spinal Decompression and Remodeling Clinic, PLLC, Elkay Enterprises, LLC d/b/a Elkay Transport, Impact Professional Services, LLC, Khit Property Management, LLC, Miguel Oneto, M.D., P.A. d/b/a QI & Interventions, Luis Khit, D.C., Alejandra Khit, D.C., Anna Gittins, Arturo Resendez, Susan Fan, M.D., Miguel Oneto, M.D., Julieta Oneto, M.D., Sannichie Quiacoe, M.D., William Donovan, M.D., Jose Nadal, D.C., Librado Torres, D.C., John Glade, D.C., Liz Molina, D.C., Reynaldo

Amador, D.C., Debbie Rivera, D.C., and Jonathan Hernandez, D.C. (collectively "the Parties") respectfully submit the following Joint Rule 26(f) Conference Report.

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

The parties met remotely via Zoom on August 18, 2026, at 2:00 p.m. pursuant to Fed. R. Civ. P. 26(f). Attorneys Erin Holmes and Katherine Frank appeared for Plaintiffs. Attorney Juan Fuentes appeared for Defendant Arturo Resendez. Attorney Joseph Korbel appeared for Defendants Susan Fan, M.D., Julieta Oneto, M.D., Miguel Oneto, M.D. and Miguel Oneto, M.D., P.A. d/b/a QI& Interventions (collectively "Teleradiology Defendants"). Attorney Brian Humphrey II appeared for Defendants Khit Chiropractic and Rehabilitation, PLLC, Khit & Associates, PLLC d/b/a Khit Chiropractic & Wellness Center, SKAK Investments, LLC d/b/a Insight Diagnostic and Imaging Center, LLC, Insight Imaging Center, LLC, Kay Medical Center, PLLC, Spinal Decompression and Remodeling Clinic, PLLC, Elkay Enterprises, LLC d/b/a Elkay Transport, Impact Professional Services, LLC, Khit Property Management, LLC, Luis Khit, D.C., Alejandra Khit, D.C., Anna Gittins, Sannichie Quiacoe, M.D., William Donovan, M.D., Jose Nadal, D.C., Librado Torres, D.C., John Glade, D.C., Liz Molina, D.C., Reynaldo Amador, D.C., Debbie Rivera, D.C., and Jonathan Hernandez, D.C. (collectively "Khit Defendants"). The meeting lasted approximately 35 minutes.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

There are no related cases.

3. **Specify the allegation of federal jurisdiction.**

This Court has subject matter jurisdiction over Counts One through Three under Title 28, United States Code, Section 1331, because those claims arise under federal law—specifically, Title

18, United States Code, Sections 1962(c) and (d), and Section 1964(c). Plaintiffs further contend that this Court has supplemental jurisdiction over the state common law claims in Counts Four through Seven—fraud, conspiracy, unjust enrichment, and money had and received—under Title 28, United States Code, Section 1367, because those claims are so related to the RICO claims that they form part of the same case or controversy.

**4. Name the parties who disagree and the reasons.**

The Parties agree that this Court has federal subject matter jurisdiction over the claims brought by Plaintiffs under Title 18, United States Code, Sections 1962(c) and (d) and Section 1964(c).

Defendants contend that the Court should not exercise supplemental jurisdiction over Plaintiffs' state law claims.

**5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The Parties do not anticipate any additional parties being added at this time.

**6. List anticipated interventions.**

The Parties do not anticipate any interventions in this case.

**7. Describe class-action issues.**

There are no class-action issues in this case.

**8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Resendez, the Teleradiology Defendants, and the Khit Defendants filed motions to dismiss on June 22, 2026. Plaintiffs filed responses in opposition to the motions on July 31, 2026. The Teleradiology Defendants, and the Khit Defendants filed replies in support of the motions on August 14, 2026. The Court has not yet ruled on those motions, and no Defendant has answered the Complaint. The Parties agree that either the entire case or, at minimum,

discovery should be stayed pending the Court's resolution of the motions to dismiss. The parties have not yet exchanged initial disclosures but agree to do so by **May 17, 2027**.

**9. Describe the proposed agreed discovery plan, including:**

**A. Responses to all the matters raised in Rule 26(f)**

a. As set forth in response to Issue No. 8 above, the Parties will make their initial Rule 26(a) disclosures no later than **May 17, 2027**.

b. The subjects for which discovery shall be conducted are those about Plaintiffs' allegations and Defendants' defenses to the allegations. This will include expert discovery. The Parties believe fact and expert discovery should be completed by **<u>February 19, 2029</u>**.

c. Concerning electronic discovery, the Parties agree that electronically stored information should be preserved. The Parties further agree that electronically stored information shall be produced in its original form to the fullest extent possible. In the event a special circumstance arises concerning particular documents, the Parties will amicably determine the format in which to produce those documents.

d. The Parties agree to the need for a joint confidentiality agreement/order, due to the nature of documents and information that will be produced, such as medical records of patients the subject of Plaintiffs' claim for damages. Plaintiffs' counsel will prepare and circulate a draft of such an order, for eventual presentation to the Court.

e. Due to the number of parties and issues presented, the Parties request the presumptive deposition limit (Fed. R. Civ. P. 31(a)(2)(A)(i)) not be applied to this case. For the same reason, and due to the number of underlying claims at issue, Defendants request that the limit on the

number interrogatories (Fed. R. Civ. P. 33(a)(1)) not be applied to this case.

f. In regard to other orders the Court should issue under Rule 26(c), or under Rule 16(b) or (c), as noted in part d. above, there is a need for a joint confidentiality agreement/order, which the Parties shall present to the Court. The Parties do not believe there are any other additional orders the Court should issue, aside from the Court's Rule 16(b) scheduling order. The Parties agree, due to the nature of this case, that the case should be set for jury trial in **September 2029**, and request that the Court set the case for trial in **September 2029** in the scheduling order, along with the other following agreed deadlines:

1. Any motion for adding new parties shall be filed by **January 17, 2028**.
2. Plaintiffs (or the party with burden of proof on an issue) shall designate experts with provision of expert reports by **September 18, 2028**.
3. Responding parties shall designate experts with provision of expert reports by **November 20, 2028**.
4. Discovery (fact and expert) will close on **February 19, 2029**.
5. Dispositive motions will be filed by **May 14, 2029**.
6. Joint Pre-Trial Order and Motions in Limine will be filed by **July 16, 2029**.
7. Trial will begin on or around **September 2029**.

**B. When and to whom Plaintiffs anticipate they may send interrogatories**

Plaintiffs anticipate sending interrogatories to all Defendants by **July 18, 2027**.

**C. When and to whom Defendants anticipate they may send interrogatories**

Defendants each anticipate sending interrogatories to Plaintiffs by **July 18, 2027.**

**D. Of whom and by when the Plaintiff anticipates taking oral depositions**

Plaintiffs anticipate conducting the oral depositions of individual Defendants Luis Khit, D.C., Alejandra Khit, D.C., Anna Gittins, Arturo Resendez, Susan Fan, M.D., Miguel Oneto, M.D., Julieta Oneto, M.D., Sannichie Quiacoe, M.D., William Donovan, M.D., Jose Nadal, D.C., Librado Torres, D.C., John Glade, D.C., Liz Molina, D.C., Reynaldo Amador, D.C., Debbie Rivera, D.C., and Jonathan Hernandez, D.C., and the corporate representatives for entity Defendants Khit Chiropractic and Rehabilitation, PLLC, Khit & Associates, PLLC d/b/a Khit Chiropractic & Wellness Center, SKAK Investments, LLC d/b/a Insight Diagnostic and Imaging Center, LLC, Insight Imaging Center, LLC, Kay Medical Center, PLLC, Spinal Decompression and Remodeling Clinic, PLLC, Elkay Enterprises, LLC d/b/a Elkay Transport, Impact Professional Services, LLC, Khit Property Management, LLC, and Miguel Oneto, M.D., P.A. d/b/a QI & Interventions. Plaintiffs also anticipate conducting oral depositions of other witnesses such as employees or associates of Defendants, to be determined as written discovery progresses.

Plaintiffs will likely identify additional individuals who must be deposed in the course of discovery.

Plaintiffs also anticipate deposing all experts designated by Defendants.

Plaintiffs anticipate completing these depositions by the proposed close of fact and expert discovery, **February 19, 2029**.

**E. Of whom and by when the Defendant anticipates taking oral depositions**

For each of the cases listed in the appendix to the complaint, Defendants anticipate conducting the oral depositions of all adjusters or other claims personnel, including SIU, who

worked on each case as well as their supervisors, all lawyers who defended Plaintiffs' insureds, all lawyers consulted regarding coverage, *Stowers* issues, or the advisability of settling each case, and all medical, billing, or other experts consulted on each case.

Defendants also anticipate conducting 30(b)(6) depositions of Plaintiffs and anticipate that such depositions will need to exceed the seven (7) hour limit.

Defendants will likely identify additional individuals who must be deposed in the course of discovery.

Defendants anticipate completing these depositions by the proposed close of fact and expert discovery, **February 19, 2029**.

**F. When Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports**

Plaintiffs (or the party with the burden of proof on an issue) will be able to make these designations, with reports, by **September 18, 2028**. The opposing party will be able to designate responsive experts and provide their reports by **November 20, 2028**.

**G. List expert depositions Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date**

Plaintiffs anticipate taking depositions of all experts designated by Defendants. The depositions are anticipated to be completed by **February 19, 2029**.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date.**

Defendants anticipate taking depositions of all experts designated by Plaintiffs. The depositions are anticipated to be completed by **February 19, 2029**.

**10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The Parties believe that the case, or at a minimum discovery, should be stayed pending the Court's resolution of the dispositive motions. The Parties have agreed to the deadlines set forth in this report with the understanding that those deadlines may need to be adjusted depending on the resolution of the dispositive motions.

**11. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None. The Parties have agreed to postpone discovery until following sixty (60) days after the Parties exchange their initial disclosures.

**12. State the date the planned discovery can reasonably be completed.**

As noted in section 9(A)(c) above, the Parties anticipate that fact discovery may be completed by **February 19, 2029**.

**13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The Parties believe substantive discussions should not be held before discovery commences. The Parties agree that mediation would be the preferred format for alternative dispute resolution.

**14. Describe what each party has done or agreed to do to bring about a prompt resolution.**

While the prospect of mediation was discussed as the probable best means of alternative dispute resolution, the Parties believe discussions concerning mediation/resolution can only be meaningfully addressed after discovery takes place.

**15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

The Parties agreed that the alternative dispute resolution technique most reasonably suited to this case is mediation. The Parties will select a mediator agreeable to both sides.

**16. Indicate the parties' joint position on a trial before a magistrate judge.**

The Parties do not consent to trial before the U.S. Magistrate Judge.

**17. State whether a jury demand has been made and if it was made on time.**

Plaintiffs timely demanded trial by jury in their Original Complaint filed March 5, 2026.

**18. Specify the number of hours it will take to present the evidence in this case.**

The Parties anticipate it will take each side approximately **320 hours (160 hours per side)** to present the evidence in this case.

**19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

The Motions to Dismiss filed by Arturo Resendez, Teleradiology Defendants, and Khit Defendants on June 22, 2026 are currently pending.

**20. List other motions pending.**

The Motions to Dismiss filed by Arturo Resendez, Teleradiology Defendants, and Khit Defendants on June 22, 2026 are currently pending.

**21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

The Parties anticipate filing an Agreed Protective Order. Additionally, the Khit Defendants anticipate filing a motion for change of venue under 28 U.S.C. § 1404, requesting that venue be changed to the McAllen Division of the Southern District of Texas.

**22. List the names, bar numbers, addresses, and telephone numbers of all counsel.**

The requested information for the Parties' counsel is as follows:

**Laura Sherry –** Attorney in Charge
Texas Bar No. 24056203

Federal I.D. No. 1138420
lrs@knoxricksen.com
**Katherine Frank**
Texas State Bar No. 24105630
Federal I.D. No. 3217765
kf@knoxricksen.com
**Erin K. Holmes**
Texas State Bar No. 24043732
ekh@knoxricksen.com
**Maisie Sokolove**
California State Bar No. 239665
Federal I.D. No. 3863411
mcs@knoxricksen.com
**Taylor T. Steele**
Texas State Bar No. 24081164
Federal I.D. No. 3871848
tts@knoxricksen.com
Knox Ricksen, LLP
3626 North Hall Street (Two Oak Lawn)
Suite 610-K33
Dallas, Texas 75219
Tel.: (469) 887-1760
Fax: (469) 887-1765
Attorneys for Plaintiffs

**Juan R. Fuentes**
State Bar No. 24005405
Federal I.D. No. 28591
juansteam@fuentesfirm.com
The Fuentes Firm, P.C.
5507 Louetta Road, Ste. A
Spring, TX 77379
Tel.: (281)378-7640
Attorney for Defendant Arturo Resendez

**Ricardo G. Cedillo**
State Bar No.: 04043600
Federal I.D. No.: 04043600
rcedillo@lawdcm.com
**Joseph L. Korbel**
State Bar No.: 24127174
Federal I.D. No.: 24127174
jkorbel@lawdcm.com
Davis, Cedillo & Mendoza, Inc.
755 E. Mulberry Ave., #250
San Antonio, TX 78212

Tel.: (210)822-6666
Attorneys for Defendants Susan Fan, M.D., Julieta Oneto, M.D., Miguel Oneto, M.D. and Miguel Oneto, M.D., P.A. d/b/a QI& Interventions (collectively "Teleradiology Defendants")

**Brian S. Humphrey II**
Texas Bar No. 24074456
Federal I.D. No. 2202829
brian@humphreylawpllc.com
Humphrey Law PLLC
800 Rockmeade
Houston, Texas 77002
Tel.: (713) 364-2616
**Debborah A. Bain**
Texas Bar No. 24133987
Federal I.D. No.______________
dbain@khitmdgroup.com
10703 N. 23rd Lane
McAllen, TX 78504
Tel.: (956)833-2352
Attorneys for Defendants Khit Chiropractic and Rehabilitation, PLLC, Khit & Associates, PLLC d/b/a Khit Chiropractic & Wellness Center, SKAK Investments, LLC d/b/a Insight Diagnostic and Imaging Center, LLC, Insight Imaging Center, LLC, Kay Medical Center, PLLC, Spinal Decompression and Remodeling Clinic, PLLC, Elkay Enterprises, LLC d/b/a Elkay Transport, Impact Professional Services, LLC, Khit Property Management, LLC, Luis Khit, D.C., Alejandra Khit, D.C., Anna Gittins, Sannichie Quiacoe, M.D., William Donovan, M.D., Jose Nadal, D.C., Librado Torres, D.C., John Glade, D.C., Liz Molina, D.C., Reynaldo Amador, D.C., Debbie Rivera, D.C., and Jonathan Hernandez, D.C. (collectively "Khit Defendants")

| | |
|---|---|
| */s/ Laura Sherry* | 8/21/2026 |
| Counsel for Plaintiffs | Date |
| */s/ Juan Fuentes w/permission* | 8/21/2026 |
| Counsel for Defendant Resendez | Date |
| */s/Joseph Korbel w/permission* | 8/21/2026 |
| Counsel for Teleradiology Defendants | Date |
| */s/ Brian Humphrey II w/permission* | 8/21/2026 |
| Counsel for Khit Defendants | Date |

Respectfully submitted,

KNOX RICKSEN, LLP

*/s/ Laura Sherry*

**LAURA SHERRY** – Attorney in Charge
Texas State Bar No. 24056203
Federal I.D. No. 1138420
lrs@knoxricksen.com
**KATHERINE FRANK**
Texas State Bar No. 24105630
kf@knoxricksen.com
Federal I.D. No. 3217765
3626 North Hall Street (Two Oak Lawn)
Suite 610-K33
Dallas, Texas 75219
Tel.: (469) 887-1760
Fax: (469) 887-1765

## CERTIFICATE OF SERVICE

I certify that on August 21, 2026, a true and correct copy of the Joint Discovery/Case Management Plan under Rule 26(f) was served on all counsel of record in this case electronically through the electronic filing manager.

/s/ *Laura Sherry*
Laura Sherry
Lead Attorney for Plaintiffs