**FILED**
October 20, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, *ET AL.*, *Plaintiffs* | § § § § | |
| vs. | § | Civil Action No. 1:26-CV-543 |
| KHIT CHIROPRACTIC AND, REHABILITATION, PLLC, *ET AL.*, *Defendants* | § § § § | |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO THE KHIT DEFENDANTS' MOTION TO DISMISS**

## I. INTRODUCTION

A surreply is warranted because the Khit Defendants' Reply does not simply rebut Allstate's Response—it advances three substantive grounds for dismissal that appear nowhere in their opening Motion. A reply brief exists "to rebut a nonmovant's response, not to introduce new [arguments or] evidence." *Robles v. Eminent Med. Ctr., LLC*, 619 F.Supp.3d 609, 618 (N.D. Tex. 2022). When a movant instead uses its reply to raise new matter, the nonmovant loses the opportunity to respond to the new argument, and the proper course is either to disregard the new argument or permit a surreply so the issue can be addressed on a complete record. *Id*.

For the first time on reply, the Khit Defendants argue (1) that Allstate's § 1962(c) claims fail under the "operation or management" test because certain Defendants merely "perform[ed] services" for the enterprise, [Dkt. 25 at 10 (citing *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721 (7th Cir. 1998)]; (2) that Allstate's RICO claims fail for want of "but-for cause and proximate cause" under 18 U.S.C. § 1964(c), [Dkt. 25 at 4 (citing *Torres v. S.G.E. Mgmt., L.L.C.*, 838 F.3d 629 (5th Cir. 2016)]; and (3) that Texas Business Organizations Code § 301.012 forecloses

Allstate's unlicensed-practice-of-medicine allegations under a newly minted reading of the statute's legislative history. [Dkt. 25 at 8-9 & n.2]. None of these theories—and none of the authorities marshaled to support them—appear in the Motion to Dismiss.

Allstate submits this Surreply to place the Court in a position to reject each new argument, either because it was waived by being withheld until reply or because, even on the merits, it cannot support dismissal.

## II. ARGUMENT

"Arguments raised for the first time in a reply brief are generally waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) (internal citations omitted). The Northern District of Texas confirms: new arguments on reply are improper precisely because "a responding party is deprived of the opportunity to respond." *Robles v. Eminent Med. Ctr., LLC*, 619 F.Supp.3d at 618.

That rationale directly applies here. The Khit Defendants' Motion challenged Allstate's pleading on only two grounds—the asserted absence of a materially false statement and the asserted lack of Rule 9(b) particularity. Allstate's Response addressed each of those arguments. The Reply's operation-or-management argument, its RICO-causation argument, and its § 301.012 statutory-construction argument should have been made when the Motion was filed, yet the Khit Defendants held them in reserve. The Court should decline to consider them. If the Court does consider these new arguments, it should do so only along with this Surreply, which provides Allstate the opportunity to respond.

### A. The Khit Defendants waived their Reply's new *Reves/Goren* theory, which also fails on the merits.

The Motion's participation argument focused on Rule 9(b): The Khit Defendants' Motion alleged that Plaintiffs failed to plead each defendant's specific misrepresentations. [Dkt. 17 §

IV.C, at 11-12]. The Motion did not cite *Reves*, *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721 (7th Cir. 1998), or the "operation or management" test. A movant waives arguments not raised in a motion cannot present them for the first time in reply. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 260 n.9 (5th Cir. 1995); *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005). The Court should decline to consider it.

However, even on the merits, the *Reves/Goren* theory fails. The Fifth Circuit has repeatedly held that *Reves* does not require formal management titles or upper-tier control. Lower-rung participants satisfy the operation-or-management test when they implement upper management's directives. *Allstate Ins. Co. v. Plambeck*, 802 F.3d 665, 674-75 (5th Cir. 2015); *United States v. Delgado*, 401 F.3d 290, 297-98 (5th Cir. 2005); *United States v. Rosenthal*, 805 F.3d 523, 532 (5th Cir. 2015). The Complaint alleges each Khit Defendant's role in operating the enterprise: the Khits set treatment, reporting, and billing protocols and directed physicians and nurse practitioners, [Dkt. 1 ¶¶ 389(f)-(h)]; Resendez and Gittins hired clinical staff and negotiated the QI&I and physician contracts, [Dkt. 1 ¶ 389(r)]; the treating chiropractors performed cursory examinations, made unwarranted referrals to Khit-owned entities, and signed templated reports misrepresenting patients' injuries and response to care, [Dkt. 1 ¶¶ 389(c)-(d)]; Dr. Donovan performed unwarranted orthopedic consultations and recommended unnecessary surgeries, [Dkt. 1 ¶ 389(i)]; and Dr. Quaicoe performed unnecessary injections following predetermined protocols. [Dkt. 1 ¶¶ 389(q)-(s)]. Those actions are not arm's-length professional services; they are the enterprise's operating conduct. The new argument fails on the very standard the Khit Defendants belatedly invoke.

Similarly, *Goren* does not fit. There, the Seventh Circuit affirmed dismissal of a marketing consultant who neither controlled nor implemented the enterprise's fraudulent

conduct. 156 F.3d at 727-28. Here, each Khit Defendant executed the scheme's core functions and did so under protocols the Khits themselves established.

Finally, *Reves* does not apply to Plaintiffs' § 1962(d) conspiracy claim. *United States v. Posada-Rios*, 158 F.3d 832, 857-58 (5th Cir. 1998). For conspiracy, the agreement to the enterprise's objective with knowledge of its essential nature is sufficient. *Id.*; *Salinas v. United States*, 522 U.S. 52, 63-66 (1997). The Complaint pleads those elements as to every Khit Defendant. [Dkt. 1 ¶¶ 389, 394, 412-413].

**B. Even if considered, the new RICO-causation argument fails.**

The Reply argues for the first time that Allstate's claims founder because civil RICO requires "both . . . but-for cause and proximate cause." [Dkt. 25 at 4 (citing *Torres*, 838 F.3d 629)]. The Motion did not seek dismissal based on this causation theory, and it cannot be reconciled with the Complaint.

Allstate pleaded a direct and unbroken causal chain. Defendants generated false records and inflated bills; Impact sent those materials to claimants' personal-injury attorneys to use as evidence to support their clients' claims; the attorneys incorporated them into demand packages sent to Allstate; Allstate relied on the fraudulent submissions; and Allstate paid inflated settlements by U.S. Mail that it would not have otherwise paid. [Dkt. 1 ¶¶ 364-371]. Appendix A ties that chain to 1,253 specific claims, identifying claim numbers, service and demand dates, billed and paid amounts, and the settlement payments Allstate mailed. [Dkt. 1 ¶¶ 8, 381-382; Dkt. 1-1].

A defendant need not personally make or mail a misrepresentation; it is enough that the defendant caused mailings in furtherance of the scheme. *Akin v. Q-L Invs., Inc.*, 959 F.2d 521, 533 (5th Cir. 1992). And where, as here, a plaintiff pleads a systematic scheme, it "need only

plead the scheme's particulars plus reliable indicia that Defendants submitted fraudulent claims." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 189-90 (5th Cir. 2009); *Cypress/Spanish Fort I, L.P. v. Prof'l Serv. Indus.*, 814 F.Supp.2d 698, 711-12 (N.D. Tex. 2011) (citing *Grubbs* for the same 9(b) standard when evaluating civil RICO claims); *Commercial Metals Co. v. Chazanow*, No. 3:09-CV-0808-B, 2009 U.S. Dist. LEXIS 107676, at *13-14 (N.D. Tex. 2009) (same); *see also Allstate Indem. Co. v. Bhagat*, 164 F.4th 426, 434 (5th Cir. 2026) (detailed appendix of allegedly fraudulent billing satisfies the "who, what, when, where, and how"). Allstate's factual allegations, accepted as true and viewed in the light most favorable to Allstate, plead precisely the causal relationship the Reply now claims is missing. *Bhagat*, 164 F.4th at 433-34.

### C. The Reply's new § 301.012 construction should be rejected.

The Khit Defendants' Motion cited only TEX. BUS. ORGS. CODE § 301.012(a) and offered no interpretative analysis of the subsections that follow. [Dkt. 17 at 9-10]. The Reply now argues, for the first time, that § 301.012(a-1) through (a-5)—including the physician-control mandate in (a-4) and the prohibition on non-physicians directing physicians in (a-5)—governs only physician-physician-assistant entities under (a-1), and that chiropractor-medical-doctor joint entities under (a) are exempt. [Dkt. 25 at 8-9 & n.2]. That argument fails for three independent reasons.

First, the plain text of § 301.012(a-5) prohibits "an individual who is not a physician" from "direct[ing] the professional practice of a physician licensed by the Texas Medical Board." The prohibition is stated in absolute terms and is not limited by its own language to physician-PA entities. Nothing in (a-5) makes the prohibition contingent on the entity-formation mechanism in (a-1). Courts must give effect to all of a statute's language; the Reply's

construction would render (a-5) inapplicable to the very entity structure authorized by (a), a reading the statutory text does not support.

Second, even if the Court accepts the Khit Defendants' reading of (a-4), the Complaint alleges facts that violate (a-5) directly. Plaintiffs allege that Luis and Alejandra Khit—chiropractors, not physicians—established Kay Medical's medical-decision protocols, created pre-printed evaluation forms, trained the nurse practitioners how to complete those forms, and directed which findings and treatment recommendations to select. [Dkt. 1 ¶¶ 389(g)-(h)]. Luis Khit testified that he and Alejandra Khit are Kay Medical's sole owners. [Dkt. 1 ¶¶ 113, 252]. Accepted as true at the pleading stage, those allegations describe non-physicians directing the professional practice of physicians and nurse practitioners—precisely the conduct § 301.012(a-5) prohibits.

Third, even if the Khit Defendants' construction were correct, unlicensed practice of medicine is one scaffold among several for the mail-fraud predicate. Allstate does not premise its RICO claims on standalone statutory violations; it alleges discrete acts of mail fraud, and references the unlicensed practice of medicine only to explain how and why the scheme operated. [Dkt. 1 ¶¶ 401-404]. More fundamentally, the Complaint alleges that two chiropractors—not physicians—organized, managed, and controlled Kay Medical and directed the physicians and nurse practitioners who saw patients there, with Luis Khit testifying under oath that he and Alejandra Khit are Kay Medical's sole owners. [Dkt. 1 ¶¶ 113, 252, 389(g)-(h)]. Whether the Khits' conduct is permissible under any subsection of § 301.012 turns on contested facts about ownership and control that the Court must accept as true at this stage; it is not a question the Court can resolve against Allstate on a Rule 12(b)(6) motion, still less on a statutory theory raised for the first time on reply.

## III. CONCLUSION

The Khit Defendants' Reply confirms that their Motion, as filed, does not warrant dismissal—so much so that they had to raise entirely new arguments to sustain it. Those arguments are waived, and, in any event, each fails on the merits.

For the reasons above and those set forth in Plaintiffs' Response, [Dkt. 19], Allstate respectfully requests that the Court disregard the new arguments raised in the Reply, deny the Khit Defendants' Motion to Dismiss in its entirety, and grant Allstate all other relief to which it is justly entitled.

Respectfully submitted,

**KNOX RICKSEN LLP**

*/s/ Laura Sherry*
Laura Sherry – Attorney in Charge
Texas State Bar No. 24056203
lrs@knoxricksen.com
Katherine Frank
Texas State Bar No. 24105630
kf@knoxricksen.com
Erin K. Holmes
Texas State Bar No. 24043732
ekh@knoxricksen.com
3626 North Hall Street (Two Oak Lawn)
Suite 610-K33
Dallas, Texas 75219
Tel.: (469) 887-1760
Fax: (469) 887-1765

***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

I certify that on August 21, 2026, a true and correct copy of Plaintiffs' Surreply in Opposition to the Khit Defendants' Motions to Dismiss was served on all counsel of record electronically via the Court's CM/ECF system and served via email upon all parties.

/s/ *Laura Sherry*
Laura Sherry